**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MODA LATINA BZ INC., a California corporation,<br><br>ESTHER VIRGINIA FERNANDEZ AGUIRRE, individually and as an officer of Moda Latina BZ Inc., and<br><br>MARCO CESAR ZARATE QUÍROZ, individually and as an officer of Moda Latina BZ Inc.,<br><br>　　　　　Defendants. | Case No.: 2:20-cv-10832-FMO-SKx<br><br>**ORDER ON STIPULATION [55] RE: PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

1        Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its
2 Complaint for Permanent Injunction and Other Equitable Relief (Dkt. 1,
3 "Complaint") in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade
4 Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing
5 and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C.
6 §§ 6101-6108. The Commission and Defendants stipulate to the entry of a
7 Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to
8 resolve all matters in dispute in this action between them.
9        THEREFORE, IT IS ORDERED as follows:

### FINDINGS

11 1.     This Court has jurisdiction over this matter.

12 2.     The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the Telemarketing Act, 15 U.S.C. §§ 6101-08, and the Telemarketing Sales Rule, 16 C.F.R. Part 310, in connection with the advertising, marketing, promotion, offering for sale, and sale of work-at-home opportunities to consumers throughout the United States. These deceptive acts or practices included claiming falsely or without substantiation that consumers who purchased Defendants' work-at-home opportunities were likely to earn substantial income, such as hundreds of dollars per week. The Complaint also charges that Defendants engaged in abusive telemarketing threats and intimidation.

22 3.     Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

25 4.     Defendants waive and release any claims that they may have against the Commission and its agents that relate to this action, including any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the

prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.  Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6.  The Corporate Defendant filed a voluntary petition for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code on December 16, 2020, *see* No. 2:20-bk-20958-BB (Bankr. C.D. Cal. 2020) ("Bankruptcy Case").

7.  Elissa D. Miller was appointed as the Chapter 7 Bankruptcy Trustee in the Bankruptcy Case.

8.  This Court has jurisdiction to determine whether and to what extent this action is subject to the automatic stay in connection with the Bankruptcy Case. *Lockyer v. Mirant*, 398 F.3d 1098, 1105–07 (9th Cir. 2005) (collecting cases).

9.  The FTC's prosecution of this action and the entry of this Order are actions to enforce the Commission's police or regulatory power and these actions are excepted from the automatic stay in the Bankruptcy Case pursuant to 11 U.S.C. § 362(b)(4).

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.  "**Corporate Defendant**" means Moda Latina BZ Inc. and each of its successors, and assigns.

B.  "**Defendants**" means the Individual Defendants and Corporate Defendant, individually, collectively, or in any combination.

C.  "**Document**" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

D. **"Individual Defendant(s)"** means Esther Virginia Fernandez Aguirre and Marco Cesar Zarate Quíroz, individually or collectively.

E. **"Investment Opportunity"** includes anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

F. **"Person"** means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

G. **"Telemarketer"** means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

H. **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

# ORDER
## I. BAN ON SELLING GOODS OR SERVICES AS A MEANS TO EARN MONEY WORKING FROM HOME OR ELSEWHERE

**IT IS ORDERED** that Defendants, whether acting directly or through any other person, officer, agent, employee, sole proprietorship, partnership, corporation, limited liability company, subsidiary, division, branch, trust, or other entity, are permanently restrained and enjoined from:

A. creating, advertising, marketing, promoting, offering for sale, or selling any good or service that is represented, directly or by implication, to a consumer as a means to earn money working from home or from any other location;

1  B. assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any good or service that is represented, directly or by implication, to a consumer as a means to earn money working from home or from any other location; and

C. holding any ownership interest, share, or stock in any business that engages in or assists in advertising, marketing, promoting, offering for sale, or selling any good or service that is represented, directly or by implication, to a consumer as a means to earn money working from home or from any other location.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all others in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A. risk, liquidity, earnings potential, or profitability; and

B. any other fact material to consumers such as: the total costs; any refund policy; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III. PROHIBITIONS REGARDING TELEMARKETING

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with Telemarketing of any goods or services are permanently restrained and enjoined from:

A. misrepresenting risk, liquidity, earnings potential, or profitability;

|   |   |   |
|---|---|---|
| B. | misrepresenting material aspects of an Investment Opportunity; |
| C. | misrepresenting any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer; |
| D. | making a false or misleading statement to induce any person to pay for goods or services; |
| E. | using threats or intimidation, including threats of legal actions, reports to federal government authorities, or damage to credit histories, to coerce any person to pay for goods or services; and |
| F. | violating any provision of the TSR, 16 C.F.R. Part 310, attached as **Attachment A**. |

### IV.   MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.   Judgment in the amount of Seven Million Four Hundred Eighty-Nine Dollars ($7,000,489.00) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

B.   In partial satisfaction of the judgment against them, Individual Defendants are ordered to make the following payments to the Commission by electronic fund transfer in accordance with instructions to be provided by a representative of the Commission and within seven days of entry of this Order:

   1.   Individual Defendant Esther Virginia Fernandez Aguirre ("Fernandez") is ordered to pay to the Commission Twenty Thousand Dollars ($20,000), which as Fernandez stipulates, her counsel will hold in escrow for no purpose other than payment to the Commission.

   2.   Individual Defendant Marco Cesar Zarate Quíroz ("Zarate") is ordered to pay to the Commission Twenty Thousand Dollars ($20,000),

which as Zarate stipulates, his counsel will hold in escrow for no purpose other than payment to the Commission.

C. Upon completion of the transfers identified in Subsection B, the remainder of the judgment is suspended as to Individual Defendants, subject to the Subsections below.

D. The Commission's agreement to the suspension of part of the judgment as to Individual Defendants is expressly premised upon the truthfulness, accuracy, and completeness of Individual Defendants' sworn financial statements and related documents (collectively, "Financial Attestations") submitted to the Commission, namely:

1. The Financial Statement of Individual Defendant Esther Virginia Fernandez Aguirre, dated December 30, 2020.
2. The Financial Statement of Individual Defendant Marco Cesar Zarate Quíroz, dated January 10, 2021.
3. The Financial Statement of Corporate Defendant Moda Latina BZ Inc., dated December 31, 2020.

E. The suspension of the judgment will be lifted as to the Individual Defendants if, upon motion by the Commission, the Court finds that the Individual Defendants failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the Financial Attestations identified above or that the Individual Defendants are in default on their obligations under Subsection B.

F. If the suspension of the judgment is lifted, the judgment becomes immediately due from the Individual Defendants in the amount specified in Subsection A (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

1  G. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation against the Individual Defendants by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

I. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission against the Individual Defendants pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

J. Individual Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers), which Individual Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

K. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

L.  The asset freeze ordered by the Court on December 23, 2020 (Dkt. No. 47) is modified to permit the payments and transfers identified in Subsection B. Upon completion of all such payments and transfers, the asset freeze is dissolved as to Individual Defendants.

## V.  CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.  failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide all such information in Defendants' possession, custody or control in the form prescribed by the Commission, within 14 days.

B.  disclosing, using, or benefitting from customer or prospective customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's or prospective customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained through or for the marketing or sale of goods or services in connection with the sale of memberships, goods, or services before entry of this Order; and

C.  failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

# VI. COOPERATION

**IT IS FURTHER ORDERED** that Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendants must appear and Corporate Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

# VII. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 15 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, and directors; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. *See* Section VIII of this Order. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Individual Defendants must: (a) identify all telephone numbers and all physical, postal, email, and internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any

                entity in which such Defendant has any ownership interest; and

            (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that an Individual Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which that Defendant performs services whether as an employee or otherwise and any entity in which that Defendant has any ownership interest, and identify the name, physical address, and any internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against that Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28

U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: ____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Moda Latina BZ Inc, et al. (name of Defendant providing submission), No. X210007.

## IX. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

## X. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring each Defendant's compliance with this Order, including the Financial Attestations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic or other means of remote depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1.

D.  Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED this 1st day of March, 2021.**

_____/s/_____
**FERNANDO M. OLGUIN**
**UNITED STATES DISTRICT JUDGE**